**EXHIBIT C**

At a IAS Term Part of the Supreme Court of the State of New York, held in and for the County of ULSTER, at the Supreme Courthouse, 285 Wall Street, Kingston, NY 12401 on the 20th day of Nov., 2009.

**P R E S E N T :**

HON. **RICHARD PLATKIN**
         Justice

- - - - - - - - - - - - - - - - - - - - - - - - - -X

INDEX NO: 08-4034
RJI # 55-09-01346

Hudson Valley Federal Credit Union,

                      Plaintiff,

**JUDGMENT OF FORECLOSURE AND SALE**

      - against -

Jeffrey Charles Burfeindt, Barbara Ann Burfeindt a/k/a Barbara Ann Garofolo, United States of America Acting Through the IRS, Cavalry Portfolio Service, LLC as Assignee of Cavalry SPVI, LLC as Assignee of Providian, Capital One Bank,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - -X

**UPON** the Notice of Pendency of this action filed in the Office of the Clerk of the County of ULSTER on August 08, 2008, the Summons and Verified Complaint heretofore served herein and filed in the Office of the Clerk of the County of ULSTER, with proof of due service thereof; on the filed Affidavit of Gerald Roth, Esq., dated October 16, 2009, filed herewith; on the Order of this Court dated August 13, 2009, whereby Mark Krohn, Esq., was appointed Referee to ascertain and compute the amount due to the Plaintiff for principal, interest and otherwise on the Note and Mortgage which was extended and/or modified by an Agreement dated April 28, 2000 set forth and described in the Verified Complaint, and to examine and report whether the mortgaged premises can be sold in one parcel; and on the various affidavits of service of process, all of which were annexed to and filed with said Order; on all other papers previously

filed herein; and upon all proceedings heretofore had herein, from all of which it appears that this action was brought to foreclose a first, Purchase Money Mortgage held by Plaintiff on real property located in ULSTER County, that the entire balance of the principal sum secured thereby and all other sums due thereon are now due and payable; that all the Defendants herein have been duly served with the Summons and Verified Complaint, and/or have duly appeared herein; that the time to answer or move with respect to the Verified Complaint has expired as to each and all of said Defendants; that no answer or motion directed to the Verified Complaint, or otherwise has been interposed by or on behalf of any Defendant; that the time to do so has not been extended by stipulation or otherwise; that each and all of the Defendants are in default, except those that have appeared herein; that none of the Defendants is an infant or incompetent or absentee person; and that the Notice of Pendency heretofore filed herein has been on file for twenty (20) days or more and contains all of the particulars required by law to be stated in such notice; and

On reading the filed Report of said Referee, Mark Krohn, Esq., dated October 09, 2009, and filed herein from which Report it appears that the sum of $192,162.64 was due to Plaintiff as of August 01, 2009, for principal and interest and otherwise under the Note and Mortgage which was extended and/or modified by an Agreement dated April 28, 2000 set forth and described in the Verified Complaint, and that the mortgaged premises must be sold in a single parcel; and that none of the Defendants are subject to the protective provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended, as per the attached affidavits and it appearing that no one is entitled to notice this application.

**THEREFORE**, after reading said Referee's Report and the schedule and statement attached thereto, it is,

NOW, on Notice of Motion of Stein, Wiener & Roth, L.L.P., attorneys for the Plaintiffs, it is hereby

ORDERED, that said motion hereby is granted, and it is further

ORDERED, ADJUDGED AND DECREED, that the said Referee's Report be, and the same hereby is in all respects ratified and confirmed; and it is further

ORDERED, that the referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the referee is disqualified from receiving an appointment pursuant to the provision of that Rule, the referee shall notify the Appointing Judge forthwith, and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged premises described in the Verified Complaint in this action and hereinafter described be sold in one parcel at a public auction to the highest bidder at __Ulster County Courthouse__, and under the direction of <u>Mark Krohn, Esq.</u>, Counsellor-at-law, who is hereby appointed Referee for that purpose. That said Referee give public notice of the time and place of said sale, according to law and the rules and practices of this Court, by publication in the __Kingston Daily Freeman__.

That the Plaintiff or any other party or parties to this action may become a purchaser at such sale, and that if Plaintiff becomes such purchaser, no deposit shall be required. That said Referee execute to the purchaser or purchasers on such sale a deed or deeds of the premises sold. That said Referee on receiving the proceeds of the sale, shall forthwith deposit the same in his own name, as Referee, with __IOLA acct__ _____ and he/she shall thereafter make the following payments therefrom and his checks drawn for such purpose shall be paid by such depository, to wit:

**FIRST:** He/She shall pay a sum not to exceed the amount allowed by Section 8003 of the CPLR to the Referee as his fee herein.

**SECOND:** He/She shall pay advertising expenses and the expense of said sale as shown on the bills presented and certified by the said Referee to be correct, duplicate copies of which shall be left with such depository.

**THIRD:** He/She shall pay the amount of any lien or liens upon the premises to be sold at the time of such sale for taxes, assessments, water rates and sewer rents, together with such interest or penalties as may lawfully have accrued thereon to date of payment, together with any and all sums which may be necessary to redeem the property so sold from any and all sales, unpaid taxes, assessments and water rates, which have not apparently become absolute.

**FOURTH:** He/She shall pay to the Plaintiff the sum of $ 1,592.25 which is hereby awarded to it for costs and disbursements to be taxed by

the Clerk of this Court and inserted herein, with interest hereon from the date hereof, ~~together with an extra allowance of $300.00 hereby awarded to the Plaintiff in addition to costs and disbursements, with interest thereon from the date hereof~~, that as per the testimony and/or supporting affidavit of Gerald Roth, Esq. for legal fees which is requested to be a part of the Judgment, the Plaintiff is allowed the sum of $ 1,475.00 in addition to statutory costs and allowances which is made part to the Judgment amount due as per the Report of the Referee to compute and also the sum of $192,162.64 being the amount reported due as aforesaid, together with the interest thereon from August 01, 2009 at the rate stated in the bond or note, or so much thereof as the purchase money will pay of the same, and that he/she take a receipt therefore and file it with his report of sale.

**FIFTH:** That, if the Referee intends to apply for a further allowance for his fee, he/she may leave on deposit such amount as will cover such additional allowance to await the further order of the Court thereon after application duly made.

**SIXTH:** That the said Referee take receipts for the money so paid out by him/her and file the same with his report of sale and that he/she deposit the surplus money, if any, with the Ulster County Treasurer within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be drawn only on order of this Court, signed by a Justice thereof; that the purchaser shall pay all transfer taxes, R.P.T. and capital gains taxes and be liable for all legal fees, taxes, assessments, and interests in the event of an adjournment and/or his default;

and it is further

**ORDERED, ADJUDGED AND DECREED,** that the said Referee make a report of such sale and file it with the Clerk of the County of ULSTER with all

convenient speed, and that the purchaser or purchasers at such sale be let into possession upon production of the Referee's deed or deeds; that, if the proceeds of such sale be insufficient to pay the amount so reported due to the Plaintiff and interest, costs and allowances as aforesaid, said Referee specify the amount of such deficiency in his report of sale; and it is further

**ORDERED, ADJUDGED AND DECREED**, that in case the Plaintiff shall become the purchaser of the premises directed to be sold, as aforesaid, or in the event that the rights of the purchaser at said sale, and the terms of sale under this judgment shall be assigned to or acquired by the Plaintiff, and a duly executed assignment thereof in writing be filed with the Referee, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff a deed or deeds of the premises sold, upon payment to the Referee of the amounts specified above in the paragraphs marked "FIRST", "SECOND", and "THIRD", or , in lieu of the payment of the said last mentioned amount, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. That the balance of the amount bid after deducting the aforesaid amounts paid by the Plaintiff for Referee's fees, advertising expenses and taxes, assessments, water rates and sewer rents, hazard insurance and the preservation or protection of the property, shall be allowed to the Plaintiff, and applied by the Referee upon the amount due to the Plaintiff as specified in paragraph marked "FOURTH" above. That if, after so applying the balance of the amount paid, there shall be a surplus over and above the amounts due to the Plaintiff, the Plaintiff shall pay to the said Referee, upon delivery to it of the Referee's deed, the amount of such surplus. That said Referee, on receiving said several amounts from the Plaintiff, shall forthwith pay therefrom the said taxes, assessments, water rates and sewer

rents and interest and penalties thereon, as well as hazard insurance and the preservation or protection of the property in this action, unless the same shall have already been paid, and shall then deposit the balance; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Defendants in this action, and all persons claiming under them subsequent to the filing of the notice of the pendency of this action be, and they are forever barred and foreclosed of all right, title, claim, lien and equity of redemption in the said mortgaged premises and in each and every part and parcel thereof.

The following is a description of the premises heretofore mentioned:

**SEE** Schedule "A" annexed hereto and made a part hereof

**SAID** premises being known as and by the street number 80 Pancake Hollow Road, Highland, NY 12528; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the premises be sold subject to:

(a) Covenants, restrictions, easements and agreements of record, if any;

(b) Any state of facts an accurate survey might show;

(c) Existing tenants and/or occupancies, if any;

(d) Violations in any state, village or municipal department;

(e) Such regulations, restrictions and ordinance as any authority having jurisdiction may pass;

(f) Subject to the right of the United States of America to redeem the property within 120 days from date of sale;

and it is hereby further

**ORDERED, ADJUDGED AND DECREED,** all taxes, assessments, water rates, sewer rents and other encumbrances which, at the time of sale, are liens or encumbrances upon said premises will be paid by the purchaser to the Referee in addition to the bid price, which sums shall become part of

## SCHEDULE "A"

ALL that certain plot, piece or parcel of land lying and being in the, Town of Plattekill, Town of Lloyd, County of Ulster and State of New York bounded and described as follows:

BEGINNING at a point in the northerly line of Crescent Avenue (formerly known as Basket Street), said point being the southeast corner of Lands, now and formerly of Gruner (Liber 1243 pg 171) and the southwest corner of the herein described premises, and running,

THENCE along the easterly line of said Gruner North 01 degrees 40' 00" East 219.60 feet;

THENCE North 18 degrees 46' 00" East 404.37 feet to a point in a stone wall marking the southerly line of Lands, now or formerly, or Rozzi (Liber 2030 pg. 77);

THENCE along said stone wall South 47 degrees 21' 00" East 357.05 feet to a point in the westerly line of Pancake Hollow Road;

THENCE South 21 degrees 00' 00" West 240.00 feet;

THENCE South 19 degrees 00' 00" West 105.00 feet to a point in the northerly line of Crescent Avenue;

THENCE along the same South 62 degrees 23' 00" West 61.81 feet;

THENCE North 79 degrees 40' 00" West 207.00 feet to the point of beginning.

the proceeds of sale, unless the purchaser shall, previous to the delivery of the Deed, produce to the Referee proof of the payment of such liens, provided further that no tax, assessment, water charge, sewer rent or other encumbrances shall be required to be paid unless such lien shall have become due and payable at the time of sale. Upon receipt of said additional sums, the Referee shall forthwith pay therefrom the taxes assessments, water rates or sewer rents which are or may become liens on the premises with such interest or penalties which may lawfully have accrued thereon to the day of payment; and it is further

**ORDERED, ADJUDGED AND DECREED**, that the Plaintiff may apply at the foot of this judgment, after sale hereunder, pursuant to the provisions of Section 1371 of the Real Property Actions and Proceedings Law, for judgment against the Defendant, Jeffrey Charles Burfeindt, Barbara Ann Burfeindt a/k/a Barbara Ann Garofolo, for such deficiency, if any, to which the Court shall deem the Plaintiff to be entitled, and it is further

**ORDERED**, that the purchaser or purchasers at said sale be let into possession on production of the Referees deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each of the Defendants in the action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all rights, claims, liens, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof.

E N T E R :

_____
**HON. RICHARD PLATKIN, J.S.C.**

Index No. 08-4034
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

-------------------------------------------
-------------------------------------------

Hudson Valley Federal Credit Union,
                                    Plaintiff

- against -

Jeffrey Charles Burfeindt, Barbara Ann
Burfeindt a/k/a Barbara Ann Garofolo,
et al.,

                                    Defendants
-------------------------------------------
-------------------------------------------

**JUDGMENT OF FORECLOSURE AND SALE**

-------------------------------------------
-------------------------------------------

Stein, Wiener & Roth, L.L.P.

Attorneys for Plaintiff
Office and Post Office Address, Telephone
One Old Country Road, Suite 113
Carle Place, New York 11514
(516) 742-1212
51441/XHUDSON
-------------------------------------------
-------------------------------------------

To

Attorney(s) for
-------------------------------------------
-------------------------------------------

Service of a copy of the within

Dated

_____

Attorneys(s) for
                    Compliance with Rule 130-1.1a
                    _____
                         Gerald Roth, Esq.