

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

ANDREW M. CUOMO
Attorney General

STATE COUNSEL DIVISION
Litigation Bureau

Writer Direct: (518) 474-2913

March 22, 2010

Honorable Gary L. Sharpe
United States District Judge
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207
**By: CM/ECF Only**

Re:   *Charles v Postupack, et al.*
      Northern District of New York
      10-CV-0123 (GLS)(RFT)

Dear Judge Sharpe:

On behalf of defendant State of New York (also known as Supreme Court of the State of New York), please accept this submission in response to plaintiff's "Motion to Strike Defendants [sic]: Motion to Dismiss" (Dkt No. 20). Plaintiff makes his motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure "for an Order to Strike Defendants, [sic] STATE OF, NEW YORK, . . . Motion to Dismiss . . . as sham pleadings" (id.).

Plaintiff's motion to strike should be denied because "Rule 12(f) does not provide a procedural mechanism to strike statements contained in motion papers" (Katz v Mogus, 2009 WL 5173789, *2 [SDNY 2009] [enclosed herewith]). Instead, Rule 12(f) only allows a court to strike inappropriate matter from a pleading (see id.; see also Fed R Civ P 7[a], 12[f]).

To the extent that plaintiff's motion is treated as opposition papers to the State's motion to dismiss (see Dkt No. 12), the State relies on and reiterates the arguments set forth in its motion. That is, because the State of New York is immune from suit under the Eleventh Amendment, the Court should dismiss the complaint with prejudice in its entirety as to the State.

Thank you for your consideration of this matter.

Respectfully yours,

Justin C. Levin
Assistant Attorney General
Bar Roll No. 515136
Justin.Levin@ag.ny.gov

cc: Honorable Randolph F. Treece
James T. Foley U.S. Courthouse
445 Broadway - Room 312
Albany, NY 12207
**By: CM/ECF Only**

Jeffrey Charles
Postal Department 771
Stone Ridge, NY 12484

Pranali Datta, Esq.
Stein, Wiener & Roth, LLP
1 Old Country Road, Suite 113
Carle Place, NY 11514
**By: CM/ECF Only**

John W. Bailey
Bailey, Kelleher Law Firm
Pine West Plaza 5
Suite 507
Washington Avenue Extension
Albany, NY 12205
**By: CM/ECF Only**

Michael J. Murphy, Esq.
Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C.
20 Corporate Woods Boulevard
Albany, NY 12211
**By: CM/ECF Only**

Westlaw

Page 1

Slip Copy, 2009 WL 5173789 (S.D.N.Y.)
(Cite as: 2009 WL 5173789 (S.D.N.Y.))

**H**Only the Westlaw citation is currently available.

**This decision was reviewed by West editorial staff and not assigned editorial enhancements.**

United States District Court,
S.D. New York.
Howard KATZ, Plaintiff,
v.
Joe Robert MOGUS, et al., Defendants.
No. 07 Civ. 8314(PKC)(KNF).

Dec. 30, 2009.

*ORDER ADOPTING REPORT AND RECOMMENDATION*

P. KEVIN CASTEL, District Judge.

*1 Plaintiff Howard Katz ("Katz") filed his *pro se* complaint on February 6, 2006 in this action for breach of contract against Defendant Joe Robert Mogus ("Mogus") in the United States District Court for the Eastern District of New York. On September 10, 2007, this case was transferred to this judicial district. On October 2, 2007, I referred this case to Magistrate Judge Fox for general pretrial matters. On May 14, 2009, Mogus filed a motion to dismiss, pursuant to Rule 41(b), Fed.R.Civ.P., for failure of the plaintiff to prosecute this action. (*See* Docket Entry No. 45.) On June 17, 2009, Katz filed a timely response, to which Mogus did not reply. On July 27, 2009, Mogus filed a motion to strike, in its entirety, Katz's June 17, 2009 submission, pursuant to Rule 12(f), Fed.R.Civ.P. (*See* Docket Entry No. 49.) Katz did not file an opposition to the motion to strike. On October 6, 2009, Judge Fox issued a Report and Recommendation ("R & R") recommending that this Court deny both of Mogus' pending motions. (R & R at 10.) On October 16, 2009, Mogus requested additional time to respond to the R & R, which was granted. On October 20, 2009, Mogus filed an objection to the R & R.

Mogus has timely filed Objections to the R & R. (Docket Entry No. 53.) Mogus only objects to the R & R with respect to the motion to dismiss for failure prosecute. (*See* Response to Recommendations of Magistrate Judge Fox Oct. 6, Docket No. 53 at 3 ("I understand to file [sic] this motion was an error .... [T]his filing was a mistake on my part." (with respect to the motion to strike).) I have reviewed the motions *de novo* and considered *de novo* the recommended rulings in the Report and Recommendation.

The R & R of Judge Fox is well reasoned and grounded in fact and in law. It is adopted in its entirety.

*Motion to Dismiss for Failure to Prosecute*

"[D]ismissal of an action under Rule 41(b) is considered a " 'harsh remedy' that should 'be utilized only in extreme situations.' " *Lewis v. Rawson,* 564 F.3d 569, 576 (2d Cir.2009) (quoting *Minette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993). This is especially true when the plaintiff is a *pro se* litigant. *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001) (noting that *"pro se* plaintiffs should be granted special leniency regarding procedural matters" and "deference is due to a district court's decision to dismiss a *pro se* litigant's complaint only when circumstances are sufficiently extreme").

The Second Circuit has "fashioned guiding rules that limit a trial court's discretion" when determining whether to dismiss for failure to prosecute. *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir.2004). Under these rules, district courts must consider five factors in determining whether dismissal pursuant to Rule 41(b) is proper: "(1) the duration of the plaintiffs failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik(e) the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane,* 239 F.3d at 209 (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988)). "[N]one of the five factors is separately dispositive." *Id.* at 210 (citing *Nita v. Connecticut Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir.1994).

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 2

Slip Copy, 2009 WL 5173789 (S.D.N.Y.)
(Cite as: 2009 WL 5173789 (S.D.N.Y.))

**\*2** The R & R is correct in its conclusion that dismissal under Rule 41(b) is not warranted at this time based on its careful consideration of the factors outlined by the Second Circuit. *See Lesane,* 239 F.3d at 209.

*Motion to Strike*

The R & R soundly and wisely recommends denial of Mogus' motion to strike Katz's opposition to the motion to dismiss. Rule 12(f), Fed.R.Civ.P., allows a court to strike from a *pleading* any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See Granger v. Gill Abstract Corp.,* 566 F.Supp.2d 323, 334 (S.D.N.Y.2008). Rule 7(a), Fed.R.Civ.P., defines a pleading as "a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer." "Motions, declarations and affidavits are not pleadings." *Granger* 566 F.Supp.2d at 335. As such, Rule 12(f) does not provide a procedural mechanism to strike statements contained in motion papers.

CONCLUSION

Upon a *de novo* review, the Court adopts the R & R (Docket No. 50), recommending that Mogus' motion to dismiss and motion to strike be denied.

Defendant's objection (Docket No. 53) is overruled.

SO ORDERED.

S.D.N.Y.,2009.
Katz v. Mogus
Slip Copy, 2009 WL 5173789 (S.D.N.Y.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.