UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY CHARLES BURFEINDT,

                       Plaintiff,    **ATTORNEY AFFIRMATION**

  -against-                     **Civil Case No.: 1:10-CV-123 (GLS/RFT)**

NINA POSTUPACK, HUDSON VALLEY
FEDERAL CREDIT UNION, GERALD C.
ROTH, ESQ., MARK A. KROHN, ESQ.,
and STATE OF NEW YORK

                       Defendants.

    **JOHN W. BAILEY**, deposes and states that:

    1.    I am an attorney duly licensed to practice law in the courts of the State of New York and a partner in the law firm of Bailey, Kelleher & Johnson, P.C., attorneys for defendant, Nina Postupack (hereinafter "defendant"), the County Clerk for the County of Ulster, State of New York.  As such, I am fully familiar with the facts and circumstances heretofore had herein.

    2.    I submit this Affirmation and accompanying Memorandum of Law in reply to plaintiff's Motion to Strike defendants' Motion to Dismiss and in further support of defendants' Motion to Dismiss plaintiff's Complaint in its entirety pursuant to Federal Rules of Civil Procedure Rules 8(a), 12(b)(6) and/or 9(b).

    3.    On or about February 2, 2010, plaintiff filed the above-captioned matter apparently pursuant to 18 U.S.C. §1964 and 42 U.S.C. §1983.  See, Dkt. No. 1.

4.	Between February 24th and March 1, 2010 each of the defendants, including Ulster County Clerk Nina Postupack, filed a Motion to Dismiss plaintiff's Complaint. See, Dkt. Nos. 10, 12 and 15.

5.	Defendant Postupack moved to dismiss on the basis that plaintiff failed to make any substantive allegations against defendant, failed to plead any of the required elements under 18 U.S.C. §1964 or 42 U.S.C. §1983, and further failed to meet the pleading requirements of the Fed.R.Civ.Pro 8(a) and 9(b). See, Dkt. No. 15.

6.	Thereafter, plaintiff filed a Motion to Strike defendants' Motion to Dismiss pursuant to Federal Rules of Civil Procedure Rule 12(f). See, Dkt. No. 20.

7.	Defendant contends that plaintiff's Motion to Strike is improper, and, as such, has treated plaintiff's Motion as opposition to defendant's the instant Motion to Dismiss.

8.	In this respect, plaintiff's opposition/Motion to Strike, has failed to address any of the arguments raised by defendant in its initial moving papers.  Furthermore, the opposition/Motion also fails to expound on plaintiff's allegations or even attempt to cure the deficiencies noted in plaintiff's Complaint.

9.	As plaintiff has failed to substantively respond to the arguments raised in defendant's motion, his Complaint should be dismissed as a matter of law.

**WHEREFORE**, defendant, Nina Postupack, respectfully requests that the Court grant defendants' Motion to Dismiss plaintiff's Complaint in its entirely along with any other and further relief as the court deems just and proper.

Dated: March 22, 2010

_____S/_____
John W. Bailey

cc:    Jeffrey Charles Burfeindt
c/o Postal Department 771
Stone Ridge, New York  12484

Stein, Wiener & Roth, LLP
Attorneys for Hudson Valley Federal
Credit Union & Gerald C. Roth, Esq.
One Old Country Road, Suite 113
Carle Place, New York  11514

Carter, Conboy, Case, Blackmore,
Maloney & Laird, P.C.
Attorneys for Mark A. Krohn, Esq.
20 Corporate Woods Boulevard
Albany, New York  12211

3