UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____
JEFFREY CHARLES BURFEINDT,

                        Plaintiff,

  -against-                      **Case No.:  1:10-CV-123 (GLS/RFT)**

NINA POSTUPACK, HUDSON VALLEY
FEDERAL CREDIT UNION, GERALD C.
ROTH, ESQ., MARK A. KROHN, ESQ.,
and STATE OF NEW YORK

                        Defendants.

## MEMORANDUM OF LAW

Dated:  March 22, 2010         Bailey, Kelleher & Johnson, P.C.


                                 By: _____S/_____
                                    John W. Bailey
                                    Bar Roll No.: 101069
                               Attorneys for Nina Postupack
                               Pine West Plaza 5, Suite 507
                               Washington Avenue Extension
                               Albany, New York 12205
                               (518) 456-0082

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................................ 1

STATEMENT OF FACTS ................................................................................................ 1

ARGUMENT..................................................................................................................... 1

    POINT I:    PLAINTIFF'S MOTION TO STRIKE IS IMPROPER ................. 1

    POINT II:   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED
                   UNDER RULE 8(A) AND 9(B) OF THE FEDERAL
                   RULES OF CIVIL PROCEDURE................................................ 2

    POINT III:  PLAINTIFF'S COMPLAINT FAILES TO STATE A
                   CAUSE OF ACTION ..................................................................... 3

          A.     Plaintiff Has Not Plead a Violation of His
                Constitutional Rights............................................................ 3

          B.     Plaintiff Has Not Plead a Civil
                RICO Claim ......................................................................... 4

CONCLUSION ................................................................................................................. 5

# **TABLE OF AUTHORITIES**

United States Cases

Baker v. McCollan ............................................................................................................. 3
99 S. Ct. 2689, (1979)

City of Oklahoma City v. Tuttle ........................................................................................ 3
105 S. Ct. 2427 (1985)

Federal Cases

Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C. ............................. 4
2009 U.S. Dist. Lexis 91291 (E.D.N.Y. 2009)

Burkhart v. Allson Realty Trust ........................................................................................ 2
363 F. Supp. 1286 (N.D. Ill. 1973)

Ferran v. Town of Nassau .................................................................................................. 4
471 F.3d 363, 369-370 (2d Cir. 2006)

Morroni v. Gunderson ........................................................................................................ 1
1996 U.S. Dist. LEXIS 16148

Moss v. Morgan Stanley, Inc. ............................................................................................. 4
719 F.2d 5, 17 (2d Cir. 1983)

Muzio v. Inc. Village of Bayville ....................................................................................... 2
2006 U.S. Dist LEXIS 1886 (E.D.N.Y. 2006)

Patterson v. County of Oneida .......................................................................................... 3
375 F.3d 206, 225 (2d Cir. 2004)

Rich v. Touche Ross & Co. ................................................................................................. 2
1975 U.S. Dist. LEXIS 12546 (S.D.N.Y. 1975)

Spinelli v. City of New York .............................................................................................. 3
2007 U.S. Dist. LEXIS 19745, 9 (S.D.N.Y. 2007)

Sykes v. James ..................................................................................................................... 3
13 F.3d 515, 519 (2d Cir. 1993)

Federal Rules

FED.R.CIV.PRO. R. 8 .................................................................................................. 2

FED.R.CIV.PRO. R. 9 .................................................................................................. 2

FED.R.CIV.PRO. R. 12 ................................................................................................ 1

Federal Statutes

18 U.S.C. § 1961(4) .................................................................................................... 4

42 U.S.C. § 1983 ........................................................................................................ 3

## PRELIMINARY STATEMENT

Defendant, Nina Postupack, by and through her attorneys, Bailey, Kelleher & Johnson, P.C., submit the following Memorandum of Law in further support of her Motion to Dismiss plaintiff's Complaint pursuant to Rules 8(a), 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and in reply to plaintiff's opposition - "Motion to Strike Defendant's Motion to Dismiss".

## STATEMENT OF FACTS

Defendant respectfully refers the Court to defendant's initial moving papers for facts and procedure pertinent to the instant motion.  See, Dkt. No. 15.

## ARGUMENT

## POINT I

## PLAINTIFF'S MOTION TO STRIKE IS IMPROPER

Rule 12(f) provides that: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.PRO R. 12(f).  As a motion is not a pleading, a motion to strike in response to motion papers is improper.  Morroni v. Gunderson, 1996 U.S. Dist. LEXIS 16148.  However, a Court may deem a motion to strike as opposition papers to a pending motion.  Id.

As plaintiff's Motion to Strike is in response to defendants' motions to dismiss, and it fails to comport with the Notice requirements of Local Rule 7, plaintiff's papers should be deemed opposition to the pending motions.  Id.

1

## POINT II

**PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED UNDER RULE 8(A) AND 9(B) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

A discussed in defendant's initial moving papers, plaintiff's Complaint, though lengthy, fails to comply with Rule 8(a)(2)'s requirement to provide a plain statement which would place the defendant on notice of the theory upon which plaintiff would hold defendant liable and Rule 9's pleading requirements for fraud. Burkhart v. Allson Realty Trust, 363 F. Supp. 1286 (N.D. Ill. 1973); Rich v. Touche Ross & Co., 1975 U.S. Dist. LEXIS 12546 243, 5 (S.D.N.Y. 1975).

Plaintiff's opposition/Motion to Strike does not cure these deficiencies. See, Dkt. No. 20. Just as plaintiff's Complaint consists of lengthy convoluted legalese failing to make any substantive allegations against defendant Postupack, so does his Motion to Strike. Plaintiff's opposition fails to address even one argument raised by defendant in the pending motion to dismiss nor does it expand upon the substance of his Complaint. Given these failures, plaintiff has set forth little in the way of plausible information that would allow defendant Postupack to respond to the allegations contained therein and warrant dismissal of his Complaint. See, Muzio v. Inc. Village of Bayville, 2006 U.S. Dist LEXIS 1886, *9 (E.D.N.Y. 2006)(plaintiff must set forth more than unsupported conclusory statements to defeat a motion to dismiss).

# POINT III

## PLAINTIFF's COMPLAINT FAILS TO STATE A CAUSE OF ACTION

Plaintiff's opposing papers have also failed to address defendant's argument that plaintiff's Complaint does not state a cause of action under 42 U.S.C. §1983 or Civil RICO.

### A.   Plaintiff Has Failed to Plead a Violation of His Constitutional Rights

In order to state a claim for relief under §1983, a plaintiff must allege: (1) the deprivation of any rights, privileges or immunities secured by the Constitution and federal law, (2) by a person acting under the color of state law. 42 U.S.C. §1983.  Section 1983 does not itself provide substantive rights, but in fact offers "a method for vindicating federal rights elsewhere conferred. " Patterson v. County of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) quoting Baker v. McCollan, 99 S. Ct. 2689, (1979); Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (holding that "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere.") citing City of Oklahoma City v. Tuttle, 105 S. Ct. 2427 (1985).

As discussed in defendant's initial memorandum of law, plaintiff has not alleged the necessary elements to state a cause of action under § 1983 and others.  In particular, plaintiff fails to set forth any facts demonstrating that defendant Postupack violated his constitutional rights.   While plaintiff alleges due process violations, he fails to allege facts establishing that defendant Postupack deprived him of a protected liberty interest or engaged in conscience shocking behavior. Spinelli v. City of New York, 2007 U.S. Dist. LEXIS 19745, 9 (S.D.N.Y. 2007)(noting that to plead a cause of action for violation of

3

one's procedural due process rights, plaintiff must plead a legally protected interest that defendant denied plaintiff without due process of law); Ferran v. Town of Nassau, 471 F.3d 363, 369-370 (2d Cir. 2006)(noting that to plead a violations of substantive due process, that acted in a "arbitrary," "conscience-shocking," or "oppressive in the constitutional sense" with respect to a protected liberty interest).

Plaintiff's opposition/motion papers ignore this deficiency.  As plaintiff has failed to plead any conduct on the part of defendant Postupack which could be construed as a violation of plaintiff's constitutional rights, his claims against defendant should be dismissed.

**B.     Plaintiff Has Failed to Plead a Civil RICO Claim**

To support a RICO Claim, a plaintiff must plead: 1) that a defendant, 2) through the commission of two or more acts, 3) constituting a pattern, 4), of racketeering activity, 5) directly or indirectly invests in, or maintains an interest in, or participates in, 6) an enterprise, 7) the activities of which affect interstate or foreign commerce", Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C., 2009 U.S. Dist. Lexis 91291 (E.D.N.Y. 2009) citing Moss v. Morgan Stanley, Inc., 719 F.2d 5, 17 (2d Cir. 1983).

A RICO enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity".  18 U.S.C. § 1961(4).

As discussed in defendant's initial moving papers, plaintiff's assertions fails to meet the basic pleading requirements for a Civil RICO claim.  Again, plaintiff's

4

5

opposition/Motion to Strike does not cure this defect and ignore the argument all together.   As such, defendant's motion should be granted.

## CONCLUSION

Due to the foregoing, defendant, Nina Postupack, respectfully requests the Court Dismiss plaintiff's Complaint against pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, together with any further relief the Court deems just and proper.