**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY CHARLES BURFEINDT,**

              **Plaintiff,**            **1:10-cv-123
                                                 (GLS\RFT)**

        **v.**

**NINA POSTUPACK; HUDSON VALLEY
FEDERAL CREDIT UNION; GERALD C.
ROTH, ESQ.; MARK A. KROHN, ESQ.;**
and **STATE OF NEW YORK,** a/k/a
**SUPREME COURT OF THE STATE OF
NEW YORK,**

              **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Jeffrey Charles Burfeindt
Pro Se
Postal Department 771
Stone Ridge, NY 12484

74 Pancake Hollow Road
Highland, NY 12528

**FOR THE DEFENDANTS:**

*Nina Postupack*
Bailey, Kelleher Law Firm          JOHN W. BAILEY, ESQ.
Pine West Plaza 5, Suite 507
Washington Avenue Extension
Albany, NY 12205

*Hudson Valley Federal Credit Union*
*and Gerald C. Roth, Esq.*
Stein, Wiener & Roth, LLP                           PRANALI DATTA, ESQ.
1 Old Country Road, Suite 113
Carle Place, NY 11514

*Mark A. Krohn, Esq.*
Carter, Conboy Law Firm                             MICHAEL J. MURPHY, ESQ.
20 Corporate Woods Boulevard
Albany, NY 12211

*State of New York*
HON. ANDREW M. CUOMO                                JUSTIN C. LEVIN
New York State Attorney General                     Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

Pro se plaintiff Jeffrey Charles Burfeindt brought suit against defendants, alleging violations of his constitutional rights in connection with a foreclosure proceeding commenced against him. (*See* Compl., Dkt. No. 1.) Pending are defendants' motions to dismiss. (Dkt. Nos. 8, 10, 12, 15). For the reasons that follow, decision on the motions is stayed and Burfeindt is granted leave to amend his complaint.

"A pleading that states a claim for relief must contain ... a short and

2

plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct," FED. R. CIV. P. 8(d)(1), and "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," FED. R. CIV. P. 10 (b). The purpose of these rules "is to give fair notice of the claim asserted." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (citations and internal quotation marks omitted). "When a complaint fails to comply with these requirements, the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Id.* However, dismissal "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). This is just such a case.

Stated generously, Burfeindt's sixty-eight page complaint is convoluted, vague, and unintelligible. It contains unnumbered paragraphs, discusses a variety of topics, includes a "memorandum of law," (*see* Compl. at 6, Dkt. No. 1), and at least one section that begins "Ordered Adjudged and Decreed," as though it were a court order, (*see id.* at 29). In

3

addition, the complaint quotes full cases from other jurisdictions, and discusses, among other things, changing currency, credit loans, void contracts, definitions of banking terms, and goldsmiths, relating none coherently to whatever claims it may be attempting to assert.  (*See id.* at 12, 21, 23-24, 28-33, 34, 46-47.)  Glaringly absent from this confused mess are any specific discernable allegations of wrongdoing against any of the defendants.  Thus, dismissal of Burfeindt's complaint is clearly warranted under Rules 8 and 10.  However, because a court must "normally grant leave to file an amended pleading" under such circumstances, *see Salahuddin*, 861 F.2d at 42, the court stays decision on defendants' motions and grants Burfeindt leave to amend his complaint to comply with Rules 8 and 10 within **thirty (30) days** from the date of the filing of this Order.  Upon the docketing of the amended complaint, defendants will have **fourteen (14) days** to renew and supplement their motions as they see fit.  However, should Burfeindt fail to file an amended complaint within the prescribed time, Burfeindt's action will be **DISMISSED WITH PREJUDICE** without further order of the court.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that decision on defendants' motions to dismiss (Dkt.

4

Nos. 8, 10, 12, 15) is **STAYED**; and it is further

**ORDERED** that Burfeindt is granted leave to file an amended complaint, in full compliance with the terms of this Order, **within thirty (30) days** from the date of the filing of this Order; and it is further

**ORDERED** that defendants will have **fourteen (14) days** from the docketing of Burfeindt's amended complaint to renew and supplement their motions as they see fit; and it is further

**ORDERED** that if Burfeindt fails to file an amended complaint **within thirty (30) days** from the date of the filing of this Order, the Clerk of the Court shall enter judgment dismissing this action **WITH PREJUDICE** and without further order of the court; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by regular and certified mail.

**IT IS SO ORDERED.**

November 16, 2010
Albany, New York

_/s/ Gary L. Sharpe_
United States District Court Judge