**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

─────────────────────────────────

**JEFFREY CHARLES BURFEINDT**

                                   **Plaintiff,**

                                       **1:10-cv-123**
          **v.**                              **(GLS/RFT)**

**NINA POSTUPACK; HUDSON VALLEY**
**CREDIT UNION , GERALD C. ROTH,**
**ESQ.; MARK A. KROHN, ESQ.; and**
**STATE OF NEW YORK also known**
**as Supreme Court of the State of**
**New York**

                                 **Defendants.**

─────────────────────────────────

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

JEFFREY CHARLES BURFEINDT
Last Known Addresses:
Postal Department 771
Stone Ridge, New York 12484

and

74 Pancake Hollow Road
Highland, New York 12528

and

C/O Gerhard and Barbara Burfeindt
P.O. Box 943
68 Pancake Hollow Road
Highland, New York 12528

**FOR DEFENDANT POSTUPACK:**

Bailey, Kelleher Law Firm               JOHN W. BAILEY, ESQ.
Pine West Plaza 5
Suite 507
Washington Avenue Extension
Albany, New York 12205

**FOR DEFENDANTS HUDSON
VALLEY CREDIT UNION and
ROTH:**

Stein, Wiener Law Firm               PRANALI DATTA, ESQ.
1 Old Country Road
Suite 113
Carle Place, New York 11514

**FOR DEFENDANT KROHN:**

Carter, Conboy Law Firm               MICHAEL J. MURPHY, ESQ.
20 Corporate Woods Boulevard
Albany, New York 12211

**FOR DEFENDANT STATE OF
NEW YORK:**

HON. ANDREW M. CUOMO               JUSTIN C. LEVIN, ESQ.
Attorney General of the               Assistant Attorney General
    State of New York
The Capitol
Albany, New York 12224-0341


**Gary L. Sharpe
United States District Judge**

**DECISION AND ORDER**

The court cannot locate *pro se* plaintiff, Jeffrey Charles Burfeindt.

Accordingly, it considers *sua sponte* Burfeindt's noncompliance with this

District's Local Rules by failing to notify the court of his current address

and by not prosecuting his action.

On February 2, 2010, Jeffrey Charles Burfeindt filed a complaint in

the above captioned action. *See Dkt. No. 1.* On February 2, 2010, the

court provided the plaintiff with notice which he acknowledged by signing

that put him on notice that he must immediately notify the court of any

change of address. L.R. 10.1(b)(2).  His failure to notify the court of a

change of address may result in the involuntary dismissal of his case for

failure to prosecute.  Fed. R. Civ. P. 41(b); L.R. 41.2(b). *See Dkt. No.* 4.

This district has expended considerable effort in order to familiarize *pro se*

litigants with those Rules by reminding them of their obligations in various

documents and orders mailed to them, and by preparing a Pro Se

Handbook that is easily accessible.  See http://www.nynd.uscourts.gov.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of**
> **any change of address.**  The notice of change of address is
> to be filed with the clerk of the court and served on all other

parties to the action.  The notice must identify each and every
action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a
change of address in accordance with L.R. 10.1(b) may result in the
dismissal of any pending action."

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil
Procedure, which affords the court discretionary authority to dismiss an
action because of the failure to prosecute or to comply with any order of
the court.  *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626
(1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir.
1982).

On November 16, 2010, the Court issued an Order directing the
plaintiff to file an amended complaint within thirty (30) days.  The Order
further states if plaintiff fails to file an amended complaint within thirty (30)
days, the Clerk of the Court shall enter judgment dismissing action with
prejudice and without further order of the court.  *See Dkt. No.* 42*.*
Burfeindt's copies of the order were mailed to Postal Department 771,
Stone Ridge, New York 12484 and 74 Pancake Hollow Road, Highland,
New York 125228.  *See November 17, 2010 Text Only Entry.*  Burfeindt's
copy of the order mailed to Postal Department 771, Stone Ridge, New

York 12484 was marked return to sender - refused, not at this location. *See Dkt. Nos.* 45 *and* 46.  Burfeindt's copy of the order mailed to 74 Pancake Hollow Road, Highland, New York 12528 was marked return to sender - no mail receptacle. *See Dkt. No.* 44.  However, the court has ascertained from criminal case 1:10-cr-320 USA v. Jeffrey Charles Burfeindt, that the plaintiff's legal residence is the address of Gerhard and Barbara Burfeindt, 68 Pancake Hollow Road, Highland, New York 12528 with a legal mailing address of Gerhard and Barbara Burfeindt, P.O. Box 943, Highland, New York 12528. *See Dkt. No.* 44 in criminal case 1:10-cr-320.  The court will direct the Clerk of the Court to mail a copy of this order to that address.

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be

> conducted principally by mail.  In addition to keeping the
> clerk informed of any change of address, parties are
> obliged to make timely status inquiries.  Address changes
> normally would be reflected by those inquiries if made in
> writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1

(N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions

when litigants have failed to abide by either the Local Rules or orders

related to address changes, and have subsequently failed to prosecute

their actions.  *See Williams v. Faulkner*, 95cv741, 1998 WL 278288

(N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*,

177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Although the court concludes that it would be an appropriate

exercise of discretion to dismiss Burfeindt's action at this juncture for

failure to notify the court of his address change or to prosecute his action,

it nonetheless affords him an additional fourteen days to comply.

According, it is hereby

**ORDERED** that Burfeindt be granted **FOURTEEN (14)** days from the

date of the filing of this order to submit his current address to the court, or

verify that his mailing address is as listed in the caption of this order, and it

6

is further

**ORDERED** that if Burfeindt fails to comply, the court will *sua sponte* dismiss this action for failure to notify the court of his address change and for failure to prosecute; and it is further

**ORDERED** that the Clerk serve copies of this Order on the parties to all addresses listed under the caption in the order.

**SO ORDERED.**

**Dated:**     **December 9, 2010**
              **Albany, New York**

Gary L. Sharpe
U.S. District Judge

7