**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY CHARLES BURFEINDT,**

              **Plaintiff,**                                          1:10-cv-123
                                                                                            (GLS\RFT)
              **v.**

**NINA POSTUPACK; HUDSON VALLEY
FEDERAL CREDIT UNION; GERALD C.
ROTH, ESQ.; MARK A. KROHN, ESQ.;**
and **STATE OF NEW YORK,** a/k/a
**SUPREME COURT OF THE STATE OF
NEW YORK,**

              **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Jeffrey Charles Burfeindt<br>Pro Se<br>c/o In Tech<br>1830 South Road, Unit 24<br>Wappingers Falls, NY 12590 | |
| **FOR THE DEFENDANTS:**<br>*Postupack*<br>Bailey, Kelleher Law Firm<br>Pine West Plaza 5, Suite 507<br>Washington Avenue Extension<br>Albany, NY 12205 | JOHN W. BAILEY, ESQ. |
| *Hudson Valley Federal Credit Union<br>and Roth* | |

| | |
|---|---|
| Stein, Wiener Law Firm<br>1 Old Country Road, Suite 113<br>Carle Place, NY 11514 | PRANALI DATTA, ESQ. |
| *Krohn*<br>Carter, Conboy Law Firm<br>20 Corporate Woods Boulevard<br>Albany, NY 12211 | MICHAEL J. MURPHY, ESQ. |
| *State of New York*<br>HON. ERIC T. SCHNEIDERMAN<br>New York State Attorney General<br>The Capitol<br>Albany, NY 12224 | JUSTIN C. LEVIN<br>Assistant Attorney General |

**Gary L. Sharpe**
**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Jeffrey Charles Burfeindt commenced this action against defendants alleging violations of his constitutional rights in connection with a foreclosure proceeding commenced against him. (*See* Compl., Dkt. No. 1.) Pending are defendants' motions to dismiss and Burfeindt's motions to strike. (*See* Dkt. Nos. 20, 68, 70, 73, 74, 76.) For the reasons that follow, defendants' motions are granted and Burfeindt's motions are denied.

## II. **Background**[1]

This case arises out of the foreclosure of Burfeindt's home by defendant Hudson Valley Federal Credit Union ("HVFCU"). (*See* Am. Compl. ¶¶ 19-80, Dkt. No. 67.) On November 20, 2009, Justice Richard Platkin rendered a Judgment of Foreclosure and Sale against Burfeindt in New York State Supreme Court, Ulster County. (*See* Dkt. No. 68, Attach. 11.) Burfeindt now alleges fraud, bank fraud, conspiracy/obstruction of justice, tax fraud, money laundering, wire fraud, perjury and RICO claims against the following defendants: HVFCU and its counsel, Gerald C. Roth, Esq.; Mark A. Krohn, Esq., the court-appointed referee; Nina Postupack, Ulster County Clerk; and the State of New York. (*See* Am. Compl. ¶¶ 13-18, 81-185, Dkt. No. 67.)

## III. **Standard of Review**

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.[2] For a full discussion of the standard, the

---

[1] The facts are drawn from Burfeindt's Amended Complaint and presented in a light most favorable to him. (*See* Am. Compl., Dkt. No. 67.) However, because the Amended Complaint is near-unintelligible and strewn with legal conclusions, the court will summarize the allegations contained therein. (*See generally id.*)

[2] Because Burfeindt is proceeding *pro se*, the court will construe his Amended Complaint liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

3

court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. Discussion

Defendants' argue that Burfeindt's claim should be dismissed on the bases of sovereign immunity, quasi-judicial immunity, and the *Rooker-Feldman* doctrine.[3]  (*See* Dkt. Nos. 68, 70, 73, 74.)  Although Burfeindt filed two motions to strike, multiple responses, and an Amended Complaint, he has failed to substantively counter any of the arguments raised in defendants' motions.  (*See* Dkt. Nos. 20, 33, 67, 76, 81.)  Despite this failure, the court—after reviewing the defendants' motions and the Amended Complaint—concludes that Burfeindt's claims are meritless.

### A.   Sovereign immunity

Burfeindt's claims against the State of New York are barred by the Eleventh Amendment.  (*See* Dkt. Nos. 12, 73.)  The Eleventh Amendment shields states and their agencies, departments, and officials in their official capacities from suit in federal court, regardless of the relief sought.  *See Papasan v. Allain*, 478 U.S. 265, 276 (1986).  This immunity gives way in

---

[3] Defendants originally filed motions to dismiss in response to Burfeindt's Complaint. (*See* Dkt. Nos. 8, 10, 12, 15.)  Because each has filed a new motion to dismiss which specifically addresses the Amended Complaint, the original motions to dismiss are denied as moot.

4

only three circumstances: (1) where it is waived by the state; (2) where it has been abrogated by Congress, *see Kentucky v. Graham*, 473 U.S. 159, 169 (1985); and (3) where a state official is sued in her official capacity for prospective injunctive relief, *see Ex parte Young*, 209 U.S. 123, 157 (1908).  Since Burfeindt's claims do not fall within any of these recognized exceptions, the State's motion is granted and all claims against it are dismissed.

**B.   Quasi-judicial immunity**

Similarly, Burfeindt's causes of action against Postupack and Krohn also fail as both are immune from suit.  It is well settled that quasi-judicial immunity is absolute if the official's role "is 'functionally comparable' to that of a judge."  *See Butz v. Economou*, 438 U.S. 478, 513 (1978); *see also Cleavinger v. Saxner*, 474 U.S. 193, 201 (1985) ("Absolute immunity flows not from rank or title or location within the Government, but from the nature of the responsibilities of the individual official." (internal quotation marks and citation omitted)); *Gross v. Rell*, 585 F.3d 72, 81 (2d Cir. 2009) ("Judicial and quasi-judicial immunity are both absolute immunities." (citations omitted)).  In evaluating whether an official's duties are "functionally comparable" to those of a judge, courts should consider

several factors, including:

> (a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal.

*Cleavinger*, 474 U.S. at 200-02 (citing *Butz*, 438 U.S. at 512); *see also Green v. Kadilac Mortg. Bankers, Ltd.*, 936 F. Supp. 108, 115-16 (S.D.N.Y. 1996) (holding that a court-appointed referee was entitled to absolute immunity); *Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997) (extending immunity to court clerks when performing judicial functions).

Here, it is clear that Krohn, the court-appointed referee, and Postupack, the Clerk of the court, were performing tasks that were "functionally comparable" to those of Justice Platkin.  (*See* Am. Compl. ¶¶ 13, 16, 19-185, Dkt. No. 67); *see also Cleavinger*, 474 U.S. at 202.  As such, they are entitled to absolute immunity and all claims against them are dismissed.[4]

## C.     **Rooker-Feldman doctrine**

---

[4] In light of the dismissal of Krohn from this action, his pending motions in opposition to Burfeindt's requests for a stay are denied as moot.  (*See* Dkt. Nos. 62, 64.)

Finally, under the *Rooker-Feldman* doctrine, the court lacks subject-matter jurisdiction to adjudicate Burfeindt's claims against HVFCU and Roth. This doctrine is derived from the principle that "lower federal courts lack jurisdiction to engage in appellate review of state-court determinations." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 21 (1987) (Brennan, J., concurring). It essentially bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Within this Circuit, the *Rooker-Feldman* Doctrine bars a claim if four conditions are satisfied: (1) the plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by the state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the plaintiff must have commenced the district court proceedings after the state court judgment was rendered. *See Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Here, it is clear Burfeindt "lost" in the underlying foreclosure proceeding, and that he commenced the current action after the decision

7

resulting from that proceeding was issued.  (*See* Dkt. Nos. 1; 68, Attach. 11.)  Furthermore, it is equally apparent that Burfeindt is alleging injuries caused by, and inviting a review and rejection of, the state court decision. (*See* Am. Compl. ¶¶ 19-185, Dkt. No. 67.)   Even when viewed in a light most favorable to Burfeindt, there can be no question that the allegations in the Amended Complaint directly challenge and seek reversal of the foreclosure action.  Accordingly, Burfeindt's claims against HVFCU and Roth are dismissed for lack of subject matter jurisdiction.

## D.     Burfeindt's motions to strike

In response to HVFCU and Roth's motion to dismiss, Burfeindt filed a motion to strike.  (*See* Dkt. No. 20.)  Additionally, he filed a motion to strike "all of the opposing Movants' defenses" on July 5, 2011.  (*See* Dkt. No. 76 at 1.)  Having reviewed all of the materials submitted, the court discerns no substantive or evidentiary basis for the motions.[5]  Therefore, Burfeindt's motions to strike are denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[5] Although Burfeindt cites Fed. R. Civ. P. 12(f) as the basis for his motions, his arguments lack merit.  *See Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001).

**ORDERED** that defendants' motions to dismiss (Dkt. Nos. 8, 10, 12, 15) are **DENIED** as moot; and it is further

**ORDERED** that defendants' motions to dismiss (Dkt. Nos. 68, 70, 73, 74) are **GRANTED** and all claims against them are **DISMISSED**; and it is further

**ORDERED** that Burfeindt's motions to strike (Dkt. Nos. 20, 76) are **DENIED**; and it is further

**ORDERED** that Krohn's motions in opposition to Burfeindt's request for a stay (Dkt. Nos. 62, 64) are **DENIED** as moot; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

October 19, 2011
Albany, New York

_Gary L. Sharpe_
Gary D. Sharpe
U.S. District Judge