**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY CHARLES BURFEINDT,**

           **Plaintiff,**             1:10-cv-123
                                                     (GLS/RFT)

           **v.**

**NINA POSTUPACK et al.,**

           **Defendants.**
_____

## SUMMARY ORDER

Plaintiff *pro se* Jeffrey Charles Burfeindt commenced this action against defendants Nina Postupack, Hudson Valley Federal Credit Union (HVFCU), Gerald C. Roth, Mark A. Krohn, and the State of New York, alleging a host of claims related to the foreclosure and sale of his home. (Am. Compl., Dkt. No. 67.) After all defendants filed motions to dismiss, this court dismissed all of Burfeindt's claims on the grounds of immunity and lack of subject-matter jurisdiction. (Dkt. No. 84.) Pending is Burfeindt's motion to set aside and/or vacate the court's order, (Dkt. No. 84), and judgment, (Dkt. No. 85), pursuant to Federal Rule of Civil Procedure 60(b)(4). (Dkt. No. 95.) For the reasons that follow, the motion is denied.

This case arises out of the foreclosure of Burfeindt's home by HVFCU. (Am. Compl. ¶¶ 19-80.) On November 20, 2009, Justice Richard Platkin rendered a judgment of foreclosure and sale against Burfeindt in New York State Supreme Court, Ulster County. (Dkt. No. 68, Attach. 11.) Burfeindt alleged numerous claims against HVFCU; its counsel, Roth; Krohn, the court-appointed referee; Postupack, Ulster County Clerk; and the State of New York. (Am. Compl. ¶¶ 13-18, 81-185.) On October 19, 2011, this court granted defendants' motions to dismiss. (Dkt. No. 84.) Specifically, the court first held that the claims against the State of New York were barred by Eleventh Amendment immunity. (*Id.* at 4-5.) As to the claims against Krohn and Postupack, the court found that they were barred by quasi-judicial immunity. (*Id.* at 5-6.) Lastly, with respect to the claims against HVFCU and Roth, the court held that, "[e]ven when viewed in a light most favorable to Burfeindt," a *pro se* litigant, his "allegations . . . directly challenge and seek reversal of the foreclosure action," and therefore the court lacked subject-matter jurisdiction to entertain them pursuant to the *Rooker-Feldman* doctrine.[1] (*Id.* at 6-8.)

---

[1] *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414-16 (1923).

2

Following this decision, Burfeindt made a motion for a new trial, (Dkt. No. 87), which was denied by Text Only Order on November 29, 2011. Burfeindt then appealed this denial, as well as the dismissal of his amended complaint, to the Second Circuit Court of Appeals.  (Dkt. No. 90.) The Second Circuit, on April 9, 2013, subsequently affirmed the dismissal of Burfeindt's amended complaint and the denial of his motion for a new trial.  (Dkt. No. 94.)  Over one year later, and almost three years after this court's original order granting defendants' motions to dismiss Burfeindt's amended complaint, Burfeindt filed the instant motion to set aside that order, on July 7, 2014.  (Dkt. No. 95.)

Burfeindt relies on Federal Rule of Civil Procedure 60(b)(4) as the basis to vacate or set aside the court's dismissal of his amended complaint. (Dkt. No. 95; Dkt. No. 95, Attach. 2 at 1.)  Under Rule 60(b)(4), the court "may relieve a party or its legal representative from a final judgment, order, or proceeding" because "the judgment is void."  "A judgment is void under Rule 60(b)(4) . . . 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'"  *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 193 (2d Cir. 2006) (quoting *Texlon Corp. v. Mfrs.*

*Hanover Commercial Corp.*, 596 F.2d 1092, 1099 (2d Cir. 1979)). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). "A judgment is not void . . . simply because it is or may have been erroneous." *Id.* at 270 (internal quotation marks and citation omitted).

In support of his motion, Burfeindt purports to argue that the court violated his due process rights by depriving him of the opportunity to be heard.[2] (Dkt. No. 95, Attach. 2 at 2-4.) He asserts, first, that the court did not explicitly mention 42 U.S.C. § 1983 in its decision even though he brought claims pursuant to that statute, and, second, that the court misapplied the *Rooker-Feldman* doctrine. (*Id.*) Burfeindt does not explain, nor is the court able to discern, how these alleged deficiencies deprived him of notice or an opportunity to be heard on defendants' motions to dismiss, thus violating his due process rights. To the contrary, the court found that all of the claims alleged by Burfeindt in his amended complaint

---

[2] The court notes that Burfeindt sought permission to file a reply. (Dkt. Nos. 96, 103.) That motion is granted, the proposed reply is deemed filed, and was considered by the court. The court also considered the response papers submitted by HVFCU and Roth, (Dkt. No. 105), despite their untimely filing.

4

were subject to dismissal on grounds expressly raised in defendants' motions to dismiss, (Dkt. Nos. 68, 70, 73, 74), to which Burfeindt had an opportunity to, and in fact did, respond, (Dkt. Nos. 76, 81). Burfeindt also had an opportunity to appeal the dismissal of his amended complaint to the Second Circuit. (Dkt. Nos. 90, 92.)

The remainder of Burfeindt's motion is an attempt to re-litigate the issue of whether the *Rooker-Feldman* doctrine should have applied to his claims here, and/or whether the doctrine was properly applied by the court. (Dkt. No. 95, Attach. 2 at 5-25.) The court can discern no argument that it "lacked jurisdiction of the subject matter, or of the parties," *Grace*, 443 F.3d at 193, when it rendered its judgment dismissing Burfeindt's amended complaint. Accordingly, Burfeindt has not raised or proven any basis on which to set aside the court's judgment, and his motion is denied.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Burfeindt's motion to vacate or set aside a judgment (Dkt. No. 95) is **DENIED**; and it is further

**ORDERED** that Burfeindt's motion for leave to file a reply (Dkt. No. 103) is **GRANTED** and the reply is deemed **FILED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to

the parties.

**IT IS SO ORDERED.**

January 5, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court

6